In *People v. Stead*, 845 P.2d 1156 (Colo. 1993), we concluded that a district court order requiring the defendant Timothy Stead to pay a surcharge pursuant to section 18–19–103 violated constitutional proscriptions against ex post facto laws. *Id.* at 1159. "[Timothy] Stead committed offenses on August 22, 1990." *Id.* The drug offender surcharge statute went into effect on July 1, 1991. § 18–19–103(1), 8B C.R.S. (1992 Supp.); *see Stead*, 845 P.2d at 1158 (discussing the drug offender surcharge statute). Referring to the date on which Stead's offenses occurred, we ruled that "[t]he drug offender surcharge statute was not annexed to the charged offenses on that date; accordingly, retroactive application of the statute to [Timothy] Stead makes more onerous the punishment for [Timothy] Stead's crime after its commission, in contravention of the prohibitions against ex post facto laws." *Stead*, 845 P.2d at 1159.

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Marc A. STEAD, Defendant–Appellant.**

**No. 92SA167.**

Supreme Court of Colorado, En Banc.

June 14, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Roger G. Billotte, Asst. Atty. Gen., Appellate Section, Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

---

PER CURIAM.

Appellant Marc A. Stead appeals a district court ruling requiring Stead to pay a $2,000 drug offender surcharge, pursuant to section 18–19–103, 8B C.R.S. (1992 Supp.), as part of a deferred sentence.[1] On October 21, 1991, Stead entered a guilty plea to various charges, including unlawful possession of a controlled substance, stemming from conduct that occurred on May 12, 1991.

In *People v. Stead*, 845 P.2d 1156 (Colo. 1993), we concluded that a district court order requiring the defendant Timothy Stead to pay a surcharge pursuant to section 18–19–103 violated constitutional proscriptions against ex post facto laws. *Id.* at 1159. "[Timothy] Stead committed offenses on August 22, 1990." *Id.* The drug offender surcharge statute went into effect on July 1, 1991. § 18–19–103(1), 8B C.R.S. (1992 Supp.); *see Stead*, 845 P.2d at 1158 (discussing the drug offender surcharge statute). Referring to the date on which Stead's offenses occurred, we ruled that "[t]he drug offender surcharge statute was not annexed to the charged offenses on that date; accordingly, retroactive application of the statute to [Timothy] Stead makes more onerous the punishment for [Timothy] Stead's crime after its commission, in contravention of the prohibitions against ex post facto laws." *Stead*, 845 P.2d at 1159.

In the present case, Marc Stead committed offenses on May 12, 1991, prior to the July 1, 1991, effective date of section 18–19–103. Pursuant to our opinion in *Stead*, imposition of a surcharge violates the proscriptions against ex post facto laws on these facts.[2] We reverse the district court order imposing a surcharge, and remand for further proceedings consistent with this opinion.

---

1. Jurisdiction over this appeal was taken on April 13, 1992, on the ground that the defendant challenged the constitutionality of a statute. *See* § 13–4–102(1)(b), 6A C.R.S. (1987).

2. Since we find that the surcharge violates the proscriptions against ex post facto laws, we do not consider due process and equal protection challenges to the surcharge statute.